Oakley, J.
This was an action on a policy of insurance on goods shipped from Liverpool to New-York. The claim was for damage sustained by the perils of the sea. On the arrival of the ship at New-York, the goods in question were landed before the wardens of the port had held a survey upon them.
At the trial, an objection was made, that the preliminary proofs were insufficient, because such a survey was not shown ; and in support of the objection, the defendants offered to prove, that “ by the usage of trade of this port and other ports, the master “ of the vessel is, in all cases, responsible for any damage sustain- “ ed by goods delivered by him to the owner or consignee, unless “ there has been an actual survey on board the vessel by the port wardens, by which it shall have been found, that the goods “ were properly stowed, and were damaged on the voyage by the “ perils of the sea; and that by a similar usage, as between assur- “ ers and assured, the survey so made, is a document indispensible to be produced, in order to charge the underwriters: and “ that the preliminary proof is deemed insufficient, unless such a “ document is exhibited as a part of it.”
The Judge overruled this objection, and held the preliminary proofs to be sufficient, and, I think, correctly.
The clause in marine policies, requiring preliminary proof of interest and loss, has always been liberally expounded, and is construed to require only the best evidence of the facts possessed by the party at the time. [Barker v. Phœnix Ins. Co. 8 Johns. R. 317. Lawrence v. Ocean Ins. Co. 11 Johns. R. 260.] The siifli *632 dency of it, is always a question of law, to be determined by the Judge at the trial; and no evidence can be then received to alter the character or effect of the proofs exhibited to the defendants.
In the present case, the Judge was called upon to hear evidence of a usage controlling the construction of the policy, so as to render necessary the production of a particular document as a part of the preliminary proofs. If such evidence had been admitted, counter evidence on the part of the plaintiffs, to repel the usage, must have been gone into; and thus the Judge would have been drawn into the trial of a fact, instead of confining himself to the decision of the law, as arising upon the state of the pro of, as exhibited by the plaintiffs. This, in my judgment, is clearly inadmissible.
The usage in question, if it could avail the defendants at all, would be a bar to the plaintiffs’ right of action; and in this view, it was also offered to bé proved at the trial. The Judge again properly rejected it.
The rule as to the admission of usage, to control the construction of a policy, seems to be, that it may be resorted to, to fix the sense of particular terms in the instrument, where they have acquired a peculiar meaning, as between the assurers and assured. [Coit v. Com. In. Co. 7 Johns. R. 389.] In this light, its effect is not to alter the contract of the parties, but merely to ascertain what that contract is. But it is well settled, that a usage can never be set up to affect or vary an express agreement; nor to contradict a rule of law. [Frith v. Barker, 2 Johns. R. 335. Homer v. Dorr, 10 Mass. R. 26. Phil. on In. 17, 18.]
By the terms of the policy in the present case, the defendants bound themselves to pay all damage to the property insured, arising from the perils of the sea: and the attempt now made, is to introduce into the contract a condition, that they shall not be responsible, unless such damage is ascertained in a particular mode, and that, too, by the act of third persons, over whom the assured have no control. Such a condition would, in my judginent, vary the legal obligations of the defendants, as ascertained by the plain language of the policy. It would be creating a con *633 dition precedent to the plaintiffs’ right of recovery, where the contract itself expresses none.
The usage in question, is also, in my judgment, unreasonable. The survey, when produced, is not to conclude either party, as to any fact stated in it. It is not to be evidence on the trial, even prima facie, for or against either party. The non-production of it is to be fatal to the plaintiffs’ action; but when produced, it is to prove nothing.
An objection was also taken at the trial by the defendants to the competency of the witness, Guin. He was the stevedore employed by the master to load the vessel at Liverpool, and was examined to prove that the cargo was properly stowed. It is contended, that he was interested to support the plaintiffs’ right of recovery.
The general rule on this subject, as laid down by the Supreme Court, is, that “ if a witness will not gain or lose by the event of “ the cause, or if the verdict cannot be given in evidence for or “ against him, in another suit, the objection goes to his credit “ only, and not to his competency.” [ Van Nuys v. Terhune, 3 Johns. Ca 83. Case v. Reeve, 14 J. R. 81.]
The witness, in the present case, is clearly not excluded by this rule. He gains or loses nothing by the event of this suit, nor can the plaintiffs’ recovery release him from his responsibility for any negligence committed by him, as the agent of the master. Nor can the verdict or judgment in this cause be given as evidence, in any action against, him, either to establish the fact of such negligence, or to ascertain the amount of damages. “ It is a “ general, if not universal, principle, that a suit between two per- “ sons, shall not bind or affect a third person, who could not be “ admitted to make a defence, to examine witnesses, or to appeal “ from the judgment.” [Case v. Reeve, 14 J. R. 81.] A verdict or judgment in an action, is evidence in another, only for or against privies in blood, or estate, or in law. [Ibid.] The witness in the present case is neither. He was merely an agent of the master, and as such, is competent to testify as to all matters in the ordinary course of his agency. [2 Starkie on Ev. 767.]
*634 If the action had been directly against the master for negligence in the loading of the vessel, his immediate agent in the performance of that work, would not have been a competent witness for him, without a release; for, in case of a recovery against , , . , _ ... . . him, the verdict might be given m evidence against the agent, to ascertain the amount of damages. [Green v. The New River Company, 4 T. R. 590. Case v. Reeve, 14 J. 82.] Here the master is no party to the suit, and the fact of negligence, in the loading of the cargo, is not directly in issue. The witness, in my judgment, was properly admitted.
An objection was also taken, that the evidence did not support the plaintiffs’ right of action; but there was some proof of damage to the goods, by the perils of the sea, and it was properly-submitted. to the jury, who were the proper judges of its sufficiency.
Motion for new trial denied.