By the Court.
Bosworth, J.
—The rights of the parties under the contract evidenced by the bill of lading, if they are to be determined by that only, are free from doubt. The conveyance and delivery of the goods by the defendants is a condition precedent to their right to freight. The contract is in its nature an entire contract, and must be completely performed by the delivery of the goods at the place of destination, to subject the shipper to a liability to pay any freight. The cases in which a partial payment may be claimed, upon principles of equity, as applicable to particular circumstances, are exceptions to the general rule, and have no bearing upon this case (Angelí on Law of Carriers, p. 383 ; Abbott on Shipping, 272 ; 3d Kent’s Com., 219). The clause, “the dangers of the seas excepted,” does not affect the question whether freight has been earned or not. The whole effect of that clause is to exempt the carrier from his common law liability to deliver or pay for the cargo when the loss or non-delivery of it results from a peril so excepted.
The defendants’ counsel contends that when freight has been paid in advance, and the voyage is broken up by the danger of the seas, without any fault of those rightfully in charge of the ship, the freight cannot be recovered back, unless it was paid on an agreement that it should be returned on the happening of such an event. He relies on 2 Showers 283, and Blakely v. Dixon, 2 Bos. and Pul., 321; Andrew v. Moorhouse, 5 Taunt., 435; De Silvaile v. Kendall, 4 Mau. and Sel., 37; Saunders v. Drew, 3 Barn. and Ad., 445, and Mansfield v. Maitland, 4 Barn. and Ald., 552, as authorities in support of this proposition.
Neither of .these cases is directly in point, or necessarily conflicts with the decision in Griggs et al. v. Austin et al., 3 Pick., 20, which is an express adjudication upon a state of facts precisely similar to that presented by this case. In Griggs v. Austin, the bill of lading was in the same form as that in this case, except that after the words “he or they paying freight for the said goods,” were,.added the words, “nothing being paid here.” In that case, as in this, the freight was paid *582 in advance, no deduction was made from the usual freight on account of advance payment, and there was no express agreement that freight was to be allowed at all events. The ship was stranded before reaching her port of destination. The plaintiff’s right to recover back the money was opposed, on the grounds that the freight had been paid in advance, and that there was no agreement to refund it in case of such a loss of the- voyage as had occurred, and which, without any fault of the defendants, had made it impossible for them to complete the voyage and deliver the cargo at the port of delivery. All the decisions on which the defendants in this case rely were cited on behalf of the defendants in that. The report of it states that it was argued at much length. Parker, Ch. J., in his opinion, examines those cases and distinguishes them from Griggs v. Austin. The true rule was declared to be “ that freight is the compensation for the carriage of goods, and if it be paid in advance, and the goods be not carried by reason of any event not imputable to the shipper, it is to be repaid, unless there be a special agreement to the contrary.”
In Andrews et al. v. Moorhouse, 5 Taunt., 435; De Silvaile v. Kendall, 4 Mawle and Sel., 37; Mansfield et al. v. Maitland, 4 Barn. and Ald., 582, and Saunders v. Drew, 3 Barn. and Ad., 445, the rights of the parties depended upon the effect and meaning of particular clauses of a charter party of affreightment. The construction put upon the clauses in question was, that by them, the parties had stipulated that the payment of the freight, which had been advanced, should not depend upon the performance of the voyage, but should be made absolutely and unconditionally at the times mentioned in the charter party.
In De Silvaile v. Kendall, Lord Ellenborough, Ch. J., said: “ By the policy of the law of England, freight and wages, strictly so called, do not become due until the voyage has been performed. But it is competent to the parties to a charter party, to covenant by express stipulations in such manner as to control the general operation of law. The question in this case is, whether the parties have not so covenanted by the stipulations of their charter party. If the charter party be silent the law will demand a performance of the voyage, for no freight can be due until the voyage is completed.” The charter party *583 is an instrument inter partes. The ship-owner covenants to do certain things, and the shipper, “ in consideration of the premises,” agrees to pay freight as therein specified. When he covenants to pay parts of it at different periods of the voyage, or the whole of it when the goods are on board, it is not a violent construction to hold that the covenants of the shipper find their consideration in the covenants of the ship-owner, and that where a failure to complete the voyage, or, in other words, of the ship-owner to perform the covenants on his part, results from inevitable accident, the non-performance is excused, and so much of the freight as was agreed should be paid in advance would be the loss of the shipper, and so much as was made payable on performance of the voyage would be the loss of the ship-owner.
The first count of the declaration in Blakely v. Dixon et al. 2 Bos. and Pul., 221, was obviously framed with a view to this distinction, although it was held bad on demurrer. It alleged that the defendants, in consideration that the plaintiff at his special instance and request had received and taken on board certain goods to be carried from London to Surinam, promised to “ pay him the money due to him for freight and carriage of the same on the delivery of the bill of lading thereof to them,” and averred the delivery of the bill of lading by reason whereof the defendants became liable. Lord Eldon, Ch. J., said: “ Nothing could he due on the delivery of the bill of lading but by special contract, for primé facie the freight is not due until the arrival of the goods.”
Chambre, J., said : “ The receiving goods on board to be carried to a foreign port is a good consideration to found a promise to pay the freight immediately. But in this case the plaintiff states a promise to pay the money due for freight on the delivery of the bill of lading. * * * The plaintiff has not stated any special manner in which any thing has become due for freight. I am therefore clearly of opinion that the first' count of the declaration is bad.”
In Griggs v. Austin, Parker, Ch. J., says : “ That a contract of the nature, first supposed by Chambre, J., may be made, so that it will be considered as executed by the mere lading of the goods, we do not doubt; but we cannot think that such a contract can be implied from the mere fact of the freight’s being *584 paid down, because reasons may and often do exist for exacting this, without any intention to vary the legal liabilities of the parties.”
It is undoubtedly competent for the parties to contract upon any terms they may think proper ; and the shipper may agree to pay freight in advance in consideration of the carrier’s promise to receive the goods on board, and to undertake to carry and safely deliver them at some other port. In such a case the carrier is entitled to the freight according to the contract, and if the performance of the promise on his part becomes impossible by the act of God, he is excused from non-performance and the loss falls on the shipper. This would be so on general principles applicable to all contracts where the thing done or money-paid by the one party is the consideration of a promise of the other party to do something on his part. If performance becomes impoxssible through some overruling necessity, and without the fault of the party promising, the other party cannot recover back the money paid, nor for the thing done.
It is also a well-settled principle of law, that where money is paid, or a promise made by one party in contemplation of some act to be done by the other, and the doing of which is the sole consideration of the right to receive payment or require a performance of the promise, and the thing stipulated to be done is not performed, the money may be recovered back, or the promise founded on such consideration may be avoided between the parties to the contract.
In this case, by the settled principles of law, and the legal effect of the contract as evidenced by the bill of lading, the right to freight depended on the performance of the voyage and a delivery of the goods at San Francisco. The goods were not carried to that port. It was no fault of the shipper. After the contract had been made, and the legal rights and liabilities of the parties had become fixed, the shipper advanced the freight. ■ The act, the doing of which entitled the defendants to it, has not been done. The defendants have not performed the acts, the performance of which was a condition precedent to their right-to require payment. The consideration for the advance has failed, and the defendants must refund the money. Story, J., in Pitman v. Hooper, 3 Sumner, 66, comments on the case in *585 2 Shower R. 283, as one loosely, reported, and not easily reconcileable with strict principle, and declares his opinion of the law to be, that in the ordinary case of freight paid in advance, if the voyage is not performed, the shipper may recover it back, unless it was paid under an express agreement to the contrary.
Ch. J. Kent, in Watson v. Duyckinck, 3 J. R. 335, and in his Com., vol. 3, p. 226, lays down the rule of law applicable to this subject, as it was decided to be, in Griggs v. Austin; Mashiter v. Buller, 1 Camp. 84, is to the same effect. We are of opinion that there is no error in the decision excepted to, and the judgment appealed from must be affirmed with costs.