THOMAS S. EMERY and others v. ALBERT DUNBAR and CHARLES L. COOLEY.

In the absence of a special agreement to the contrary, freight paid in advance may be recovered back, where, by reason of the capture or shipwreck of the vessel, or for any other cause, the goods are not carried to the place of their destination. And this rule of law cannot be controlled by proof of any usage to the contrary.

APPEAL by the defendants from an order entered at Special Term, that judgment be entered on plaintiff's demurrer to the answer.

The facts, as admitted by the pleadings, were these. The plaintiffs shipped and delivered, and the defendants received, certain goods on board the ship *Commonwealth*, belonging to the defendants, and lying at the city and port of New York— the defendants delivering to the plaintiff bills of lading, by which the defendants agreed to deliver the said goods at the port of San Francisco, in good order and condition, the damages of the seas only excepted, to the consignees therein named, or their assigns, they (the consignees) or their assigns paying freight for the same.

The plaintiffs, before the sailing of the vessel, paid to the defendants the amount of the freight. On the voyage, the vessel and her cargo were destroyed by a Confederate cruiser.

The plaintiffs seek to recover the amount of freight paid in advance.

The answer of the defendants was that at the time of the

payment of the freight it was, and from time immemorial thereuntil had been the custom and usage of the United States of America, and of the State of New York, and of the ship-owners, shippers and merchants of, and of the shippers from the said United States of America and State of New York, that freight so paid in advance is paid unconditionally, and not subject to the risk of the voyage, and is not repaid, but is retained by the shipowner, provided that the goods be taken on board, and the voyage commence or have commenced.

The plaintiffs demurred to the answer. The demurrer was sustained, and judgment ordered for the plaintiffs—from which the defendants appealed to the General Term.

*Augustus B. Knowlton*, for appellant.

I. The shipper and owner may agree that freight, *eo nomine*, paid in advance, is paid unconditionally, and without reference to the completion of the voyage, and freight so paid cannot be recovered (*Phelps* v. *Williamson et al.*, 5 Sand. 578; *Watson* v. *Duykinck*, 3 Johns. 335; *Griggs* v. *Austin et al.*, 3 Pick. 20; *De Silvale* v. *Kendall*, 4 Maule & Selw. 37; and see *Andrew* v. *Moorhouse*, 5 Taunt. 435; *Saunders* v. *Drew*, 3 Barn. & Ald. 445; *Anon*. 2 Show. 291, 283).

II. And an agreement that freight so paid is paid unconditionally, may be inferred from circumstances (1 Parsons' Maritime Law, 223; *Andrew* v. *Morehouse*, 5 Taunt. 435; *Griggs* v. *Austin*, 3 Pick. 25).

III. And a *custom* that freight so paid in advance is paid unconditionally, &c., is a circumstance from which such an agreement may be inferred (*Watson* v. *Duykinck*, 3 Johns. 335; *Gillan* v. *Simpkin*, 4 Camp. 241).

IV. Parties are presumed to contract with reference to a general custom of the State wherein the contract is made, unless such a custom be contradictory to the terms of the contract (*Hinton* v. *Locke*, 5 Hill, 437; 2 Pars. on Cont. 49, *et seq.* [4th ed.]). The question as to the payment of freight is entirely *dehors* the bill of lading—that instrument containing no provision as to the time or place when, or the terms on which freight shall be paid. For the clause "they or their assigns paying freight for the same," is, where the shippers are also *owners* of the goods, which is the case here, introduced

merely for the benefit of the ship owner, and forms no part of the contract, and is, in fact, nothing more than an order of the consignor to his agent the consignee, to pay the freight for him " (1 Parsons Maritime Law, 221, *in fin.* and cases cited in note 3).

*W. McDermot,* for respondents.

I. It is well settled that a shipper is not entitled to freight unless upon completion of the voyage and performance of the contract; and that upon the ground that freight is payment for a service rendered in carrying goods to a given point; and that until the completion of the voyage, the service is not performed (*Barker* v. *Chariot,* 2 John., 352; *Penoyer* v. *Hallett,* 15 John., 332; *Scott* v. *Libby,* 2 John., 336; Abbott on Shipping, 319; 3 Kent's Com., 298, 302; *Liddard* v. *Lopes,* 10 East, 526.

II. It is also well settled for the same reasons, that freight paid in advance may be recovered back where the goods have not been delivered, or the voyage broken up (*Philips* v. *Williamson,* 5 Sand., 578). The same principle is held in the case of a building contract when the building is destroyed by fire before completion (*Tompkins* v. *Dudley,* 25 N. Y. R., 275).

III. A custom or usage cannot overturn well settled rules of law, or vary the effect of a contract (*Livingston* v. *Ten Broeck,* 16 Johns., 14; *Parsons* v. *Miller,* 15 Wend., 561; *Bogert* v. *Cauman,* Anth. N. P., 97; *Woodruff* v. *Merchant's Bank,* 25 Wend., 673; *Hone* v. *Mutual Safety Ins. Co.,* 1 Sand., 150; *Beals* v. *Terry,* 2 Sand., 130; *Mutual Safety Ins. Co.* v. *Howe,* 2 Com., 235; *Bowen* v. *Newell,* 4 Seld., 190; *Otsego Co. Bank* v. *Warren,* 18 Barb., 290; *Vail* v. *Rice,* 1 Seld., 155; *Suydum* v. *Clark,* 2 Sand., 133; *Smith* v. *Lynes,* 3 Sand., 203; *Dalton* v. *Daniels,* 2 Hilt., 474; *Stewart* v. *Ranney,* 26 How. Pr., 279; *Case of Schooner Reeside,* 2 Sumner, 567).

BY THE COURT.—DALY, F. J.—It is a well settled rule of law that if freight is paid in advance, and in consequence of the capture or shipwreck of the vessel, or other cause beyond the control of the master or owners, the goods are not carried to the place of destination, the freight is not earned, and may be recovered back, unless a special agreement was made to the

Emery v. Dunbar.

contrary. This was expressly adjudged to be the law in *Watson* v. *Duykinck* (3 Johns. R., 337). It is shown by a passage in *Cleirac* to have been a prevailing maritime rule when that work was published in 1671; *Les Us et Coutumes de la Mer Jugemen D'Oleron*, p. 42; and as such it was incorporated, ten years afterwards, in the celebrated marine ordinances of France in these words, "No freight shall be due for goods lost by shipwreck or taken by pirates or enemies.; and in that case the master shall be obliged to return what has been advanced to him, except there be some agreement to the contrary." Art. XVIII. It was held to be the law in England in *Mashiter* v. *Buller* (1 Camp. R., 84). In Massachusetts in *Griggs* v. *Austen* (3 Pick., 20), and again adjudged in this State, to be the law in *Phelps* v. *Williamson* (5 Sandf., 578).

Where a general rule or principle of law like this has been long and well established, it cannot be controlled by proof of any usage to the contrary (*Hone* v. *Mutual Insuran e Co.*, 1 Sandf. S. C. R., 149; *Frith* v. *Barker*, 2 Johns. R., 327; *Rankin* v. *The American Ins. Co.*, 1 Hall R., 619; *Bowen* v. *Newell*, 4 Seld. R., 195; *Schieffelin* v. *Harvey*, Anthon's N. P. R., note 1, 2d ed., p. 80).

This disposes of the defendant's answer, which was an attempt to set up that by an "immemorial custom and usage in the United States, and in the State of New York," freight is not repaid in such a case, but is retained by the ship owner.

Judgment was therefore properly given for the plaintiff on demurrer, and the decision at Special Term must be affirmed.

Judgment affirmed.