### SUN PRINTING & PUBLISHING ASS'N v. EDWARDS.

(Circuit Court of Appeals, Second Circuit. January 14, 1902.)

#### No. 71.

1. PAROL EVIDENCE TO VARY WRITTEN CONTRACT—ADMISSIBILITY.

Where letters between plaintiff and defendant show a contract by which plaintiff was employed as superintendent of defendant's printing and mechanical departments for a certain term at a certain salary, with power to employ and discharge all help, parol evidence is not

admissible, in an action against defendant for the wrongful discharge of plaintiff, to show conversations and negotiations between the parties prior to the exchange of letters, for the purpose of showing that the contract actually made by the parties required plaintiff to bring with him into defendant's service a force of competent compositors and stereotypers, etc., as such oral agreement, relating to the same subject-matter, is not a collateral agreement which may be established by such evidence.

**2. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—IMPLIED CONDITIONS.**
The contract implies an undertaking on the part of plaintiff that he is competent to discharge his duties as superintendent of defendant's printing establishment, and that he will discharge such duties faithfully.

**3. SAME—EVIDENCE—ADMISSIBILITY.**
Where plaintiff introduces evidence of the conversations and negotiations between the parties before the exchange of letters constituting the contract, evidence of such conversations and negotiations is admissible on behalf of the defendant.

In Error to the Circuit Court of the United States for the Southern District of New York.

Franklin Bartlett, for plaintiff in error.

Thos. F. Bayard, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges, and TOWNSEND, District Judge.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below to review a judgment entered for the plaintiff upon the verdict of a jury.

The action was for breach of contract. The plaintiff alleged in his complaint that a written contract had been made with him by the defendant, evidenced by a letter written by him to the defendant, and the defendant's letter in reply, by which he was to be employed by the defendant for the term of two years, and that he was discharged by the defendant, without cause, shortly after he entered upon the performance of his duties. The letter written by the plaintiff was as follows:

"I understand that I am to be employed by your corporation for the term of at least two years at an annual salary of $5,200, payable in equal weekly payments of $100 each. I am to have entire control of all the printing and mechanical departments and appliances of your corporation, and am to employ and discharge, at my discretion, all the employés of said departments. The office of 'superintendent of printing' is to be created, and by that designation I shall expect to be known. I submit this statement in full to you, in order that, if you see fit to take me on, there may be no misunderstanding as to the terms agreed upon, by either side."

The defendant's letter in reply was an unconditional assent to the contents of the plaintiff's letter.

The defendant's answer, among other defenses, besides alleging that the plaintiff was discharged for justifiable cause, alleged that the letters did not contain the whole agreement between the parties, and set up, in substance, that the plaintiff, on his part, undertook to bring with him into the employ of the defendant a force of 200 experienced and qualified compositors and stereotypers, and to supervise and manage the composing and stereotyping departments of the defendant in a manner to relieve the defendant of all trouble

in printing its newspapers, and that he failed to fulfill these promises. The principal assignments of error are addressed to the rulings of the court at the trial in excluding evidence.

The trial judge excluded evidence offered by the defendant of the conversation and negotiations between the parties preliminary to the exchange of the letters. So far as this evidence was offered by the defendant for the purpose of establishing the agreement set up in its answer, we think that it was not competent.

When a contract is consummated by writing, the presumption of law is that the written instrument contains the whole of it. The agreement is to be ascertained exclusively by its terms, and oral representations or stipulations preceding or accompanying its execution, differing from or not contained in the instrument, cannot be proved. But when the writing is of a nature to import that it was not intended to embody the entire contract between the parties, oral evidence to prove the whole terms is admissible. An example of such a writing is a memorandum of purchase or sale. Allen v. Pink, 4 Mees. & W. 140; Potter v. Hopkins, 25 Wend. 417; Filkins v. Whyland, 24 N. Y. 338. So, also, a parol collateral agreement made prior to or contemporaneous with the written agreement, which does not qualify the terms of the instrument, and is not inconsistent with them, may be given in evidence. But in applying this rule the question what collateral agreements do qualify the written contract, and what do not, is one upon which there is much divergence in the adjudications. Thus, in Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512, there was an agreement in writing by which the plaintiff agreed to furnish, and the defendant to purchase, certain machines upon terms and at times specified; and the defendant was permitted to prove a parol agreement at the same time by which the plaintiff guarantied that the machines should be so made that they would do the defendant's work satisfactorily, and, if not, that the plaintiff would take them back. On the other hand, in Seitz v. Machine Co., 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837, there was a written contract whereby the plaintiff agreed to supply the defendant with a specified machine, and put it in operation under the superintendence of a competent man, and the defendant agreed to pay therefor a specified sum at specified times; and the court held the defendant could not be permitted to prove an oral agreement, entered into at the same time, that the machine purchased should have a certain capacity, and be capable of doing certain work. In referring to the rule that the existence of a separate oral agreement as to any matter to which the written agreement is silent, and which is not inconsistent with its terms, may be proved by parol, the court, in its opinion, used this language:

"But such an agreement must not only be collateral, but must relate to a subject distinct from that to which the written contract applies; that is, it must not be so closely connected with the principal transaction as to form part and parcel of it."

This court must be controlled by the principle of that decision. See, also, Bast v. Bank, 101 U. S. 93, 25 L. Ed. 794; Godkin v. Monahan, 27 C. C. A. 410, 83 Fed. 116, 53 U. S. App. 604.

The implied conditions of a contract are as much a part of its terms as the written parts, and the rule which forbids the proof of a collateral parol agreement which is inconsistent with the written terms equally forbids the proof of one which is inconsistent with its implied conditions. As the trial judge correctly stated in his instructions to the jury, in this case the agreement between the parties implied an undertaking on the part of the plaintiff to be competent to discharge the duties of a superintendent of the defendant's printing establishment, and to discharge them faithfully; and this was the extent of his undertaking. By the contract, he was to have entire control of the printing department, and proof that he agreed to employ a force of a specified number of men, if it would not have established an undertaking inconsistent with that provision of the contract, certainly would have established one that did not relate to a distinct subject, but was so closely related as to form a part of it. Proof that he agreed to discharge his duties as superintendent in such manner as to accomplish a particular result would establish an undertaking inconsistent with the implied terms of the agreement. As, of the undertakings sought to be proved, one related to the same subject as the written contract, and the other would have qualified its purport, they were not available to the defendant.

Although, in excluding the evidence for the purpose of establishing the alleged collateral agreement the ruling of the trial judge was correct, we think the preliminary conversations between the plaintiff and the managing agents of the defendant were admissible on other grounds. The plaintiff had given testimony in respect to these conversations, and had detailed what was said; and when the defendant offered to prove its version of them, and the objection was made that the evidence would contradict the terms of the written contract, the defendant insisted upon its right to prove them because the plaintiff had been allowed to do so. Prior conversations and negotiations are often competent when the subject-matter of a contract requires the aid of extrinsic evidence to ascertain its meaning. It was important in this case to know what kind of a printing establishment was contemplated by the contract, as the question of the plaintiff's competency, and the right of the defendant to discharge him for inefficiency, would measurably depend upon the character of the establishment he was to supervise and manage. Was the defendant's printing department to be maintained on the scale, and its business conducted generally, in the future as in the past, or did the parties contemplate a new departure, and the maintenance of a larger or smaller concern? The contract is silent on these matters, and it may well be that the evidence excluded was competent for the purpose of making that determinate which was left vague and uncertain. But whether the evidence was competent in this view or not, it was admissible because the plaintiff, having opened the door and availed himself of its benefit, was foreclosed from precluding the defendant from its benefit. The testimony given by the plaintiff was of a character likely to influence the jury, and we cannot doubt it was prejudicial to the defendant.

The judgment is reverse'