### DE SOLA et al. v. POMARES et al.

### AMSINCK et al. v. SAME.

(District Court, S. D. New York. December 5, 1902.)

1. SHIPPING—RECOVERY OF PREPAID FREIGHT NOT EARNED—CUSTOM.

The settled rule of commercial law that freight prepaid, but which is not earned by the delivery of the goods, is to be refunded, in the absence of special agreement to the contrary, where the loss is not due to any fault of the shipper, cannot be overcome by proof of a local custom that freight prepaid is not to be returned in case the vessel is lost on the voyage.

2. SAME—CONTRACT MADE BY BILLS OF LADING—VARIANCE BY PAROL.

Bills of lading in the ordinary form, which show prepayment of the freight, in connection with the established rules of law, constitute a completed contract, binding the carrier to refund the freight, if not earned; and, in the absence of fraud or mistake, parol evidence is not admissible to change the conditions of such contract.

In Admiralty. Actions to recover freight prepaid, but not earned.

Black & Kneeland and Carter & Ledyard, for ·libellants.
Owen & Sturges, for respondents.

ADAMS, District Judge. These are actions brought to recover back certain freights, amounting respectively to $1,478.35 and $2,739.68, which were prepaid on goods to be transported by the respondents as charterers of the bark Canopus, from New York to La Libertad and Acajutla, Salvador and San Jose, Guatemala. The goods were duly delivered to the vessel and bills of lading taken therefor from the master.

The charter party provided for a trip from New York to Corinto, Nicaragua and/or Amapolo, Honduras and/or La Libertad and/or Acajutla and/or San Jose, Guatemala and/or Champerico, Guatemala and/or Ocos, Guatemala and return to New York by way of Punta Arenas, Costa Rica, for which the master of the vessel was to receive £2,100, £525 thereof to be advanced in New York, £525 thereof to be paid on the right delivery of outward cargo on the West coast and the balance of £1,050 on the right delivery of the homeward cargo at the port of discharge. A portion of the outward cargo which was destined for Corinto was duly delivered there and the freight of $1,039.80 earned. Just after leaving that port the vessel was lost and no further freight was earned. The freight that was collected in advance and not earned remained in the possession of the respondents.

It is well settled that freight being the compensation for the carriage of goods, if paid in advance, is, in all cases, unless there is a special agreement to the contrary, to be refunded, if from any cause not attributable to the shipper the goods are not carried (The Kimball, 3 Wall. 37, 45, 46, 18 L. Ed. 50) and the respondents here, recognizing the principle, have alleged that the libellants tendered the cargo in question and the respondents agreed to receive it on

¶ 2. See Evidence, vol. 20, Cent. Dig. § 1827.

condition that the freight should be paid in advance and should in no event be returned to the shipper because of any failure on the vessel's part to perform the voyage in whole or in part, and they have further alleged that according to a well known custom in the port of New York freight prepaid is in no event to be returned in case of the loss of the vessel upon the voyage, which custom was well known to the libellants.

With respect to the custom, testimony was taken out of court, tending to show that in dealing with the respondents, who were the principal, if not the only, merchants engaged in furnishing transportation between New York and the ports in question, the witnesses understood that prepaid freight was not recoverable back and they therefore insured it, but the testimony was taken subject to objection as to its competency and materiality and evidently is not admissible to establish the general custom pleaded, nor would the custom, if proved, operate to overcome such a well settled rule of commercial law as the one in question—Emery v. Dunbar, 1 Daly, 408; Frith v. Barker, 2 Johns. 327.

The other question is whether a special agreement was made between the parties to the effect that the prepaid freight was not to be refunded in any event. There is no contention that there was any written evidence of the shipping contract apart from the bills of lading, and they do not contain anything relating to such an agreement. They were stamped by the respondents with the words: "Freight paid in New York," which apparently amount to nothing more than a statement showing the payment in advance, which would bring into operation the rule with respect to such freights being repayable if the consideration of carriage should fail. There is no evidence to show that the words by usage in the particular trade to which the contract referred had any different meaning from what they would ordinarily import. It is contended, however, that there was a specific oral understanding between the parties, prior to the delivery of the goods, that a rule made by the respondents that they would not receive goods otherwise than upon freight being paid in advance and not to be returned in any event, should apply to these shipments. Testimony was taken out of court, over proper objection, for the purpose of establishing such an understanding, but there is no competent evidence of the fact. Bills of lading, like other written contracts, are not, in the absence of fraud or mistake, neither of which is suggested in this case, open to change in their conditions by parol— The Delaware, 14 Wall. 579, 602, 603, 20 L. Ed. 779—This is not a case where something in the minds of the parties was left unexpressed and with respect to which the contract is silent. It is in itself a complete instrument, which in connection with a firmly established rule of law, requires the repayment of the freight paid in advance and not earned. It is not permissible therefore to consider parol testimony which might serve to entirely change the nature of the contract in such particular—Godkin v. Monahan, 27 C. C. A. 410, 83 Fed. 116; Association v. Edwards, 51 C. C. A. 279, 113 Fed. 445.

Decrees for the libellants.