BRADY v. KERN.

(Circuit Court of Appeals, Third Circuit. May 26, 1915.)

No. 1934.

1. EVIDENCE ☞441—PAROL EVIDENCE TO VARY WRITING.

Though a written contract is preceded by parol negotiations, if the parties put the complete contract into writing, it may not be contradicted or varied, unless fraud, accident, or mistake has supervened.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. ☞441.]

2. EVIDENCE ☞155 — ADMISSIBILITY BY REASON OF ADMISSION OF SIMILAR EVIDENCE.

Plaintiff sued defendant on a written agreement to pay a specified price for shares of stock; the agreement containing no promise by plaintiff to deliver the stock. Practically all of the stock in such corporation was held by voting trustees, and plaintiff therefore had no shares of stock, but had only voting trust certificates, and they were pledged as collateral. He was permitted to prove by parol that the parties treated such certificates as the equivalent of shares of stock, and that defendant knew the stock was pledged, and agreed to dispense with physical delivery of the certificates. Held that, having shown by his own proof that the contract was partly oral and partly written, and having been permitted to prove the parol terms thereof, defendant was properly permitted to show by

parol that, if he was unable to procure a purchaser for the stock, the amount paid down by him was to be the limit of his liability.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 445–458, 2148; Dec. Dig. ☞155.]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by Arthur C. Brady against Martin E. Kern. Judgment for defendant (218 Fed. 862), and plaintiff brings error. Affirmed.

E. Spencer Miller, of Philadelphia, Pa., for plaintiff in error.

Owen J. Roberts, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. Although many facts of this controversy appear already in Judge Dickinson's opinion refusing a new trial ([D. C.] 218 Fed. 862), it may not be undesirable to restate them briefly in order to bring out distinctly the point on which we think the decision should rest.

Brady, the plaintiff, and Kern, the defendant, were both stockholders, and were otherwise interested, in the International Motor Company. From the beginning of the enterprise all the stock, preferred and common, except the directors' qualifying shares, had been issued to voting trustees, so that the stockholders were not in possession of the usual certificates of stock, but of so-called "voting trust certificates" that represented the stock. The financial condition of the company had become unsatisfactory, not to say critical, and the stock, which was an unlisted security, was only occasionally in demand, and its value in the market was uncertain. In this situation, seven persons interested in the company (including the present litigants) met at dinner in a New York hotel on December 2, 1912, and shared the customary solids and liquids of such a repast. The company's condition was discussed, and Brady said he was not satisfied and desired to sell out.

Apparently the principal conversation on this particular subject was between Kern and himself, and they are in agreement on the point that the talk resulted in a contract, although they differ decidedly about terms. They do not differ, however, about the fact that the agreement was first completed by parol, whatever its terms may have been. Brady's position is that he agreed to sell his holdings outright to Kern at a specified price, and received $100 on account, the balance to be paid the next day at 12 o'clock; while Kern's position is that he was so confident he could raise the money himself, or at least could find a purchaser at the price named, that he took an option to buy at the hour designated, and handed $100 to Brady as a forfeit, but with the distinct agreement that this sum was to be the limit of his liability in case he should fail in his efforts. The jury has determined that Kern's version is correct, and nothing is presented for our consideration except the question whether there was substantial error during the trial.

[1, 2] We need not take up the assignments in detail; the vital ques-

tion for decision is whether the parol evidence rule was violated. It is almost always true that a written contract has been preceded by parol negotiation, and that the terms of the contract are thus agreed upon before they are reduced to writing. Of course, the parties may leave the transaction in parol, and if they adopt this course the contract must be proved by oral testimony in the usual manner; but, if they put the complete contract into writing afterwards, they may not contradict or vary the writing, unless fraud, accident, or mistake has supervened. Let us see what happened here. A contract of some sort had been made, and money had been paid over, so that the rights of both parties had already been fixed, when Brady suggested that a memorandum should be made of the transaction. Accordingly he wrote an acknowledgment that he had received $100 on account, and the receipt was handed to Kern. This paper has been lost, but Brady testified that "the form and substance" were as follows:

"New York, December 2, 1912.

"Received of Martin E. Kern the sum of one hundred dollars on account of the purchase price of about 1,900 shares of the common, and 1,500 shares of the preferred, stock of the International Motor Company. Common at $10.00 per share. Preferred at $75.00 per share. Balance to be paid before 12 o'clock noon December 3, 1912. [Signed] Arthur C. Brady."

On his part Kern wrote and handed to Brady the following memorandum:

"I agree to pay to Arthur C. Brady $75.00 per share for approximately 1,500 shares of the preferred stock of the International Motor Company, and $10.00 per share for about 1,900 shares of the same company, before 12 o'clock noon, December 3, 1912. · [Signed] Martin E. Kern."

It is this memorandum on which Brady relies as a contract of sale so complete and definite that Kern is not at liberty to vary it by parol. But the strength of this position is much weakened by the fact that he was himself obliged to vary it before he could make out a prima facie case. It is quite clear that the memorandum is incomplete in at least two particulars: It contains no promise by Brady to deliver, and, while such promise may no doubt be implied, it must nevertheless be a promise to deliver the thing specified in the writing, namely, "stock" or "shares"; and of this Brady had none to deliver. Of course he had voting trust certificates; but, in order to prove that the parties regarded one as the equivalent of the other, he was obliged to offer evidence of the parol agreement that preceded the memorandum. So, also, with regard to the matter of delivery. He was unable to fulfill the implied promise to deliver, and in order to excuse noncompliance he was compelled to go again into the parol agreement for the purpose of showing that Kern was acquainted with the fact that the stock was pledged as collateral, and had therefore agreed to dispense with physical delivery of the certificates. Before he had finished his proof, he had himself made it clear that the contract on which he sought to recover was partly oral and partly written. Having thus had the aid of the parol terms to add to the writing whatever was necessary for his own side of the case, he was scarcely in a position to object successfully to Kern's use of the parol terms to establish the conflicting theory, namely, that

a clause should be added limiting his liability to $100. We do not see that one use of these terms is either more or less objectionable than the other, and to Brady's contention that he has thus suffered defeat it seems sufficient to reply that he could not have made out his own case at all, if he had been strictly confined to the writing. In either event, therefore, he was in danger of defeat, and practically it made little difference on which horn of the dilemma he was impaled. The decided weight of the evidence seems to have been with the defendant, but in any event the verdict is conclusive here in favor of Kern's account of the transaction.

We do not think it necessary to prolong the discussion. If authority is needed for the proposition that whenever a contract is partly in writing and partly in parol, and one party has given testimony concerning the parol terms, the other party has a similar right, the whole matter (save in exceptional circumstances) thus falling within the province of the jury as a question of fact, it may be found in Bogk v. Gassert, 149 U. S. 25, 13 Sup. Ct. 738, 37 L. Ed. 631, Sun Ass'n v. Edwards (C. C. A. 2d Circuit) 113 Fed. 448, 51 C. C. A. 279, and Donner v. Alford (C. C. A. 3d Circuit) 136 Fed. 750, 69 C. C. A. 402.

The judgment is affirmed.