Tilgiiman C. J.
after stating the facts, delivered the following opinion: — The deposition was undoubtedly evidence for the purpose of proving the defendant’s confession of a debt of 600 dollars, previous to the making of the agreement, and if the agreement itself was evidence for any purpose, • that part of the deposition must have been evidence, which proved the execution of the agreement. The objection to the agreement was, that it was a'specialty, received by the plaintiff in satisfaction of the original cause of action, and if that were the case, it could not be evidence to support an action of assumpsit, because the simple contract would have •been merged in the specialty.' The case turns upon this point, and although the writing is not expressed in such terms as to remove all uncertainty', yet upon the whole I consider it as a collateral security, and not a satisfaction of the original debt. It is declared to be given for securing to the plaintiff, the debt of 600 dollars, and it is no-where said, that the engravings are to be taken in any event in satisfaction of the debt. The justice of the case would require, that the plaintiff should receive the amount of his debt, and no more in money, unless the contrary was the agreement of the parties, and the court in a doubtful case, should construe the writing so as to produce justice. If the agreement was only a collateral security, no action for the recovery of the debt could be supported on it, and consequently, it would be no bar to an action on the original assumption. But it was proper to give it in evidence, to show for how much the plates *297 were pledged, otherwise the balance could not be ascertained. I think too, that not containing in itself a cause of action, it "was evidence to show the confession of the defendant, that he was indebted to the plaintiff in the sum of 600 dollars.
I am therefore of opinion, that both the deposition and the agreement were properly admitted in evidence, and that the judgment of the District Court should be affirmed.
Ye ates J.
The rule is settled, that where a sealed instrument has been accepted in satisfaction of a simple contract debt, it is merged by such higher security, and assumpsit cannot afterwards be maintained on it: But collateral security of a higher nature given by either principal or security, will not preclude the" bringing, of assumpsit on the original contract. This reduces the question before us to a single point, whether the copperplate engravings mentioned in the agreement of 14th May, 1808, were deposited in the hands of Joseph Osborn, in payment and satisfaction of the acknowledged debt of 600 dollars', or merely as a collateral security. The expressions of the instrument are, that for securing the sum due, the said William Charles had deposited, &c. Taking therefore the words of the parties themselves, the engravings were deposited as a collateral security for the sum acknowledged to be due, and the original debt was not extinguished by the agreement; the agreement therefore might well be read, so far as to ascertain the amount pf the debt.
I am of opinion, that the judgment of the district Court be affirmed.
Brackenridge J. concurred.
Judgment affirmed.