# Wallace *against* Fairman.

A note under seal, with a warrant to confess judgment, of one partner, for a simple contract debt of the firm, accepted upon the terms "when paid to be in full," is not an extinguishment of the original debt; nor is a judgment entered upon it a bar to a subsequent action against the firm.

ERROR to the district court of *Alleghany* county.

Wallace Howe & Co. *v.* Fairman & M'Ilhenny.    Case on book account.    The plaintiffs having established their cause of action, the defendants gave in evidence the same account rendered with this receipt upon it : "We have received T. G. Fairman's note this day for 362 dollars 81 cents, which, when paid, is in full of the above." The note was under seal and contained a warrant to confess judgment; upon which a judgment had been entered in Mercer county, previously to serving this writ against the firm.    Out of these facts the questions arose : 1. Whether the acceptance of the note and entry of judgment upon it were an extinguishment of the original debt. 2. Whether the judgment upon it against the individual partner

[Wallace v. Fairman.]

was a bar to this suit. The court below (Grier, president) determined the first point in the affirmative and the latter in the negative. Judgment for defendants.

*Fetterman*, for plaintiff in error, on the first point, cited, Day *v.* Leal, 14 *Johns.* 404; Tyson *v.* Pollock, 1 *Penns. Rep.* 375; Watts *v.* Willing, 2 *Dall.* 100; M'Carty *v.* Springer, 3 *Penns. Rep.* 159; Keppel *v.* Carr, 4 *Dall.* 155; 3 *East* 251; Charles *v.* Scott, 1 *Serg. & Rawle* 294; 3 *Co. Rep.* 45; Evans *v.* Smith, 4 *Binn.* 366. On the second point he referred to the act of the 6th of April 1830, and cited 1 *Plowd.* 204.

*Metcalf* and *Biddle*, for defendant in error, on the first point, cited, 3 *Johns. Cas.* 180; Tom *v.* Goodrich, 2 *Johns. Rep.* 213, 220; 11 *Vin. Ab.*, tit. *Extinguishment, B*, 8; 3 *Wash.* 113; 2 *Har. & Johns.* 482; 4 *Wash.* 100; Ligget *v.* Bank, 7 *Serg. & Rawle* 219 : on the second point; Smith *v.* Black, 9 *Serg. & Rawle* 142; Ward *v.* Johnston, 13 *Mass. Rep.* 148; Downey *v.* Bank, 13 *Serg. & Rawle* 288; Robertson *v.* Smith, 18 *Johns.* 459.

The opinion of the Court was delivered by

SERGEANT, J.—The principle is well established that a bond given by a debtor to his creditor for a simple contract debt extinguishes the original debt, so that no cause of action upon the latter remains. Higgens's case, 6 *Co.* 43. The reason is, that it gives to the creditor a higher and better security for his debt; and to confine him to his remedy on the bond, deprives him of no benefit, while it prevents repeated suits and costs for the same thing. *Ibid.* But where the reason of the rule ceases, the rule itself ceases ; and this occurs in a variety of instances. The bond of a third person given to the creditor is not, *per se,* a satisfaction or extinguishment; for if it be not paid, the creditor may derive a benefit from resorting to his original demand. To work an extinguishment, it must be shown that the obligation of a third person was given and accepted in satisfaction of the debt. Leas *v.* James, 10 *Serg. & Rawle* 307. A simple contract is not extinguished by a sealed instrument recognizing the debt and fixing the mode of ascertaining the amount; for that would pervert it to a purpose not designed by the parties. 7 *Cranch* 299. The official bond of a receiver does not merge the simple contract debt arising from the balance of an account due to the United States. 9 *Wheat.* 650. A bond taken under the revenue act of 1799 is not an extinguishment of the debt accruing by the importation of the goods. United States *v.* Lyman, 1 *Mason* 506. So if the higher security be between different parties, or for other debts besides, and not the exact amount, it will be presumed to be intended as a collateral security. Day *v.* Leal, 14 *Johns.* 404. That the bond of one of two copartners is in itself a higher and better security than the simple contract of both, and therefore an extinguishment, is a

[Wallace *v*. Fairman.]

proposition supported by some cases, but their authority is doubted by Mr Justice Story, in United States *v*. Lyman, 1 *Mason* 505, and in the present case it is unnecessary to give an opinion upon it ; for where the security is not co-extensive with the original debt, and from the face of the same, or contemporaneous instruments, or other evidence, it manifestly appears that the parties did not design that the specialty should operate as an extinguishment, but intended it as a concurrent or additional security, the specialty is treated according to that intention.   United States *v*. Lyman, 1 *Mason* 505; Leas *v*. James, 10 *Serg. & Rawle* 404 ; Day *v*. Leal, 14 *Johns*. 307 ; Wolf *v*. Wyeth, 11 *Serg. & Rawle* 149 ; Charles *v*. Scott, 1 *Serg. & Rawle* 294 ; Twopenny *v*. Young, 3 *B. & C*. 208.   Of the intention in the case before us there can be no doubt, because the receipt for the bond states that it was to be in full when paid ; of course, if not paid it was not to be a satisfaction, but the original remedy remained against both partners.   If the bond was not an extinguishment, it cannot operate as such by being pursued to judgment.   I am, therefore, of opinion that the court below erred in charging the jury on the first point that the plaintiffs could not support this action.

On the second point the act of assembly of the 6th of April 1830 has no application.   It contemplates a recovery on the joint cause of action against one of several copartners, promissors, &c., and is intended to preserve the remedy against the others.   Here the former suit and recovery were on the single bond of one of the partners, not on the partnership debt.   The learned judge was right, therefore, in saying that the case did not come within the evils intended to be remedied by the act.

Judgment reversed, and a *venire facias de novo* awarded.