HENRY O. PERKINS v. HARRY ADAMS.

*Evidence.   Guaranty.*

A drew an order upon B in C's favor. On C's presenting it to B, the latter said that, if he should be relieved from a liability he was then under for A, he wou'd pay the order out of A's funds then in his hands, and offered to pay it at that time, if C would guaranty it. Under these circumstances C wrote upon the order and signed the following words: " I will see this made good to B," and B thereupon paid him the amount of the order. A never paid the order to B, and died insolvent. B's liability for him was subsequently satisfied out of other property belonging to A, and the funds in B's hands were applied upon other debts in favor of B against A. *Held*, in an action in favor of B against C upon the guaranty, that the latter might show by parol the circumstances and consideration under which the guaranty was given, and that under these circumstances C was not liable.

ASSUMPSIT upon a guaranty. Plea, the general issue, and trial by the court, at the September Term, 1857,—KITTREDGE, J., presiding.

The guaranty was signed by the defendant, and was in the following words: " I will see this made good to H. O. Perkins," and was indorsed upon the following order:

    " Give H. Adams forty dollars.

" To H. O. Perkins.                     Patrick Mularkee."

Upon the trial the plaintiff put in evidence the order and guaranty, and testimony tending to show that at the time the order was received by him, he paid the defendant the amount of it upon the latter's executing the guaranty, and that it had never been paid to him by Mularkee, who had died insolvent.

The defendant then offered evidence tending to prove the following facts: When the plaintiff accepted and paid the order he had two hundred and fifty dollars belonging to Mularkee in his hands. The plaintiff then told the defendant that he had this money, and that if certain executions against Mularkee, upon which the plaintiff was liable as receiptor of the property attached upon the original writs, should be arranged so as to relieve him from this liability, the order would then be good and he would pay the same out of the money in his hands.

The plaintiff offered to advance the money on the order at that time if the defendant would guaranty it under those circumstances.

Thereupon the defendant executed the guaranty and received the amount of the order from the plaintiff. Subsequently and before the commencement of this suit, the plaintiff purchased the executions upon which he was liable for Mularkee, and levied and satisfied them upon the latter's real estate. Mularkee's money which was in the plaintiff's hands was, without the defendant's knowledge, applied by the plaintiff upon other demands which he held against Mularkee.

The plaintiff objected to the admission of this testimony, but it was received by the court, to which the plaintiff excepted.

The plaintiff claimed that the guaranty was an absolute and unconditional undertaking, and that the defendant's liability thereon was in no way qualified by any agreement or understanding not expressed in it. But the court decided otherwise, and rendered judgment for the defendant. Exceptions by the plaintiff.

*Linsley & Prout*, for the plaintiff.

*Hodges & Edgerton*, for the defendant.

The opinion of the court was delivered by

PIERPOINT, J. This was an action brought on a guaranty. The guaranty was indorsed on the back of an order. The order was as follows: " Give H. Adams forty dollars." Signed, Patrick Mularkee. To H. O. Perkins. Rutland, April 20, 1853.

The guaranty was indorsed on the order, and is as follows : " I will see this made good to H. O. Perkins." Signed, H. Adams.

The case shows that on the trial below the plaintiff introduced such order and guaranty, and parol evidence to show that at the time the order was received by him, he paid the amount of it to the defendant upon his executing to him the guaranty, and that it had not been paid.

The defendant then offered the evidence detailed in the bill of exceptions, to which the plaintiff objected. The objection was overruled and the testimony admitted. It is now insisted on the part of the plaintiff that this testimony should have been rejected, as tending to add to or vary the contract or guaranty.

In order to determine this question, let us see what this guaranty

is. When read in connection with the order to which it is attached, it should be read thus : I will see this (order) made good to H. O. Perkins. This alone does not constitute a contract or agreement within the legal meaning of those terms. It is a bare naked promise, on which no action can be maintained. On the face of it, it is void for the want of consideration ; this the plaintiff was aware of, and therefore introduced parol evidence to show upon what consideration it was in fact executed. The plaintiff having introduced this evidence, it was certainly competent for the defendant to introduce parol evidence to contradict the testimony of the plaintiff — to show that there was no consideration, or a different one from that claimed by the plaintiff; and when the real consideration is established, we then have the contract on which the action is based, and in determining what the nature of that contract is, we are to take into consideration the unwritten as well as the written part of it. In this view of the case we think the testimony was properly admitted, and having been admitted, it was for the triers to determine, on consideration of all the testimony, what the nature of this guaranty was; and if they found that it was not an absolute and unconditional undertaking, as claimed by the plaintiff, we certainly cannot say that they had *no evidence* on which to base such a determination.

Then the question is, was this guaranty fulfilled ? We think that, if the county court found the contract to be such as the testimony introduced by the defendant tended to show (and we are to presume that it did), the guaranty was fulfilled. The plaintiff had the funds of Mularkee in his hands, which he agreed, as a part of the consideration on which the guaranty was executed, to apply in satisfaction of said order, in case he was relieved from liability on certain executions against Mularkee; these executions were subsequently satisfied by other property of Mularkee, and the funds applied by the plaintiff upon other debts the plaintiff had against him, and we think he was bound, as between himself and the defendant, first to apply so much of these funds as would pay the order and discharge this guaranty. Having failed to do so, he cannot now recover upon it.

The judgment of the county court is affirmed.