## JOSEPH ARBEITER *vs.* SAMUEL J. DAY AND ANOTHER.

The plaintiff purchased of the defendants thirty-three acres of land, part of a tract containing fifty-three acres, which at the time of the sale was leased to other parties, and received from them a warranty deed with the usual covenants. The lessees continued to occupy the premises after the sale as before, and paid to the defendants $100 in part payment of the rent, which was not a greater sum than was due at the date of the sale for the rent of the entire tract up to that time, and for the twenty acres remaining unsold for the remainder of the term, and no part of which had accrued under the lease on the thirty-three acres since the date of the sale.

In an action to recover the amount of the rent of the thirty-three acres, the plaintiff offered evidence to prove that at the time of the sale, but after the delivery of the deed, the defendants agreed with the plaintiff that the lessees should continue to occupy the tract sold after the sale as before, and that the defendants should pay the plaintiff rent for it. The defendants admitted that there was an agreement as to the occupation by the lessees of the land sold, but offered evidence to prove that it was made before the delivery of the

deed, and that by its terms they were to collect of the lessees the rent from the time of the sale until the expiration of the lease, in consideration that they should deduct from the purchase money a certain agreed sum. The court found that the agreement was made as claimed by the defendants, and that said sum was in fact deducted from the purchase money. Held, (1.) That even if the evidence offered by the defendants was objectionable as tending to vary or contradict the deed, yet that, after the plaintiff had offered evidence to prove a contract, it was admissible for the purpose of contradicting that evidence, and showing what the real contract was. (2.) That on the facts found the court did not err in rendering judgment for the defendants. (3.) That in order to recover the rent as incident to the reversion the action should have been against the lessees.

GENERAL ASSUMPSIT; appealed from the judgment of a justice of the peace to the Court of Common Pleas, and tried on the general issue closed to the court (*Briscoe, J.*). Judgment for the defendants, and motion for new trial by the plaintiff. The case is sufficiently stated in the opinion.

*R. Welles*, in support of the motion.

*Buck*, contra.

FOSTER, J. In April, 1870, the defendants leased a tract of land or fifty-three acres, of which they were the owners, to the Atwood brothers, for the season of pasturage, for $165. On the 6th of August, 1870, the defendants sold thirty-three acres of said land to the plaintiff, and gave a deed of the same, with the usual covenants, to the plaintiff's wife. The Atwoods continued to occupy and enjoy the premises after said sale as before, except that the plaintiff erected a house, &c., on a portion of the thirty-three acres purchased by him, without objection from the Atwoods, they being informed by the plaintiff of his said purchase.

On the trial in the court below the plaintiff claimed and offered evidence to prove, that at the time of the sale, but immediately after the delivery of the deed, the defendants agreed with the plaintiff that the Atwoods should continue to occupy and enjoy the tract sold after said sale the same as before, and that the defendants should pay him rent for the same. The defendants admitted that there was an agreement

as to the occupation by the Atwoods of the land sold, but denied that such was the agreement. They offered evidence to prove that the agreement which was entered into between the plaintiff and defendants at the time of the sale was before the delivery of the deed; that it was agreed that the defendants were to collect and have, in addition to the amount due for the whole original tract up to the time of said sale, whatever might be due for the rent of said land from the time of sale to the end of the season, in consideration that the defendants would deduct from the purchase money a certain sum agreed on by the plaintiff and defendants, and that said agreement was afterward acknowledged and acted upon by all the parties.

To this evidence the plaintiff objected, on the ground that it would contradict the deed; but the court overruled the objection, admitted the evidence, and found that the agreement was made as the defendants claimed. The court also found that the sum aforesaid was in fact deducted from the purchase money of the land. It was further proved that on the 7th of January, 1871, the lessees, the Atwoods, paid to the defendants $100 in part payment for the rent of the land aforesaid, the balance of said rent, $55, having never been paid. And the court found that said sum of $100 was not a greater sum than was due the defendants on the 6th of August, 1870, for the rent of the entire tract up to that time, and for the twenty acres remaining unsold for the residue of the season; and that no part of the same had accrued under said lease on said thirty-three acres of said land since the 6th of August, 1870, the day of the sale.

Judgment was rendered in favor of the defendants, the plaintiff claiming that on these facts it should have been rendered for the plaintiff. And the motion for a new trial rests on two grounds; the one, because judgment was not rendered for the plaintiff, the other, because of the admission of the testimony offered by the defendants regarding the agreement as to the rent.

If the testimony on the record was legitimately before the court, the judgment was unquestionably correct. What possible claim can this plaintiff have to recover this rent in face

of this finding, which shows that he had received it before he took the deed; that it was actually deducted from the purchase price of the land? There certainly is no ground here for a new trial.

It is said however that the testimony was inadmissible. That parol evidence is not admissible to explain or vary a written instrument is quite too well established to require the citation of any authorities. We doubt if this evidence is obnoxious to that objection, but if it is, we are clearly of opinion that it is admissible, after the plaintiff had offered evidence to prove a contract, to explain, vary or contradict that contract; in other words, to prove the real contract. This was done in the court below, and if the proof of this, found to be the real contract, is to be rejected as inadmissible, the claim of the plaintiff that the defendants were to pay him the rent of the land sold must necessarily fail, being wholly unsupported by evidence.

We deem it unnecessary to discuss the plaintiff's claim as to his right to recover on the common counts for money had and received, and also his right to recover rent as incident to the reversion. There is no finding that the defendants have received money to the use of the plaintiff; and to test the other question, the right to recover rent as incident to the reversion, the action should be against the lessees, as they only occupied and enjoyed the premises.

There should be no new trial.

In this opinion the other judges concurred.