# Richmond.

## WITZ, BIEDLER & Co. v. FITE AND OTHERS.

### MAY 2, 1895.

1. CONTRACTS—*Merger.*—In general, a simple contract is extinguished by a specialty security for the same debt, if the remedy upon the latter is co-extensive with that which the creditor has on the former.

2. CONTRACTS—*Specialty and Simple Contract—Merger—Presumption.*—If the higher security shows on its face that it was executed for the same debt as the simple contract, and shows further that it was not taken in satisfaction of the simple contract, but in addition and collateral to it, there is no merger. But if the higher security simply shows that it was given for the simple contract, and nothing more appears, the presumption, at least of fact, is that it was in satisfaction of the simple contract, and the latter is merged into the former.

3. CONTRACTS—*Specialty and Simple Contracts—Merger—Parol Evidence.*—If the higher security does not show on its face that it was given for the same debt as the simple contract, and the party relying upon the merger or extinguishment of the simple contract is compelled to resort to evidence other than the higher security, in order to show the purpose for which it was executed and accepted, then the party claiming that it was given as collateral security, and not in satisfaction of the simple contract, should have the right to introduce parol evidence also to sustain his contention. This violates no rule of law, but is only an explanation of the purpose for which the higher security was given.

Error to a judgment of the Circuit Court of Orange county, rendered October 2, 1892, in an action of debt, wherein the plaintiffs in error were the plaintiffs, and the defendants in error were the defendants.

*Reversed.*

This was an action of debt on two notes. The defendants pleaded payment, and also tendered two special pleas, which were received by the court over the objection of the plaintiffs; thereupon the plaintiffs replied specially to each of said special pleas, and the defendants demurred to each of said special replications, which demurrer the court sustained, and entered up judgment for the defendants. The two special pleas were intended to present substantially the same defence, but varied in form. Plea No. 1 and the replication thereto were as follows:

### *Plea No. 1.*

"The defendants, by John G. Williams, their attorney, come and defend the wrong and injury when, &c., and saith that the plaintiffs ought not to have, or maintain their aforesaid action against them, because they say that the said plaintiffs, on the 30th day of December, 1890, after the notes in the said declaration mentioned became due and payable according to the tenor and effect thereof, accepted from the defendants, M. M. Fite and S. L. Fite, their two writings obligatory under seal for the same identical debt in the said declaration mentioned, one bond being for the identical amount of one of the notes sued on, and the other being for the balance then due on the other note sued on, and defendants say that by the acceptance of the said two bonds, the notes in the declaration mentioned, were fully satisfied, discharged, and extinguished, and this they are ready to verify. Wherefore they pray judgment, &c."

### *Replication to Plea No. 1.*

"And the plaintiffs come and say that they ought not to be precluded from maintaining their action aforesaid against the said defendants by reason of anything in their first plea stated, because they say the two writings obligatory of Decem-

ber 30, 1890, referred to in said plea, and which were in the words and figures following—to-wit:

'Copy of First Judgment Note.

Goshen, Lancaster county, Penn.

'$523.64               December 30, 1890.

One day after date, we bind ourselves to pay to Witz, Biedler & Co., or their assigns, the sum of five hundred and twenty-three and 64-100 dollars, without defalcation, for value received. And we hereby authorize any attorney of any court of record in Pennsylvania, or any other State, to appear for us and confess judgment against us for the said sum, together with ten per cent. attorney collection fees, assessed as costs, with release of errors, &c. And we hereby also waive all stay of execution from and after the maturity of the above note. And we, for ourselves and our legal representatives, hereby waive and relinquish unto the said Witz, Biedler & Co., and their legal representatives, all benefits that may accrue to us by virtue of any and every law made, or to be made, to exempt any of our property or estate from levy and sale under execution, or any part of the proceeds arising from the sale thereof, from the payment of said moneys, or any part thereof.

In witness whereof we have hereunto set our hands and seals the day and year aforesaid.

                         MRS. M. M. FITE. [Seal.]

Witness:                  S. L. FITE.       [Seal.]

     F. KELLEY.

'Copy of Second Judgment Note.

Goshen, Lancaster county, Penn.,

'$2,090.50.                         30, 1890.

One day after date, we bind ourselves to pay to Witz,

Biedler & Co., or their assigns, the sum of two thousand and
ninety and 50-100 dollars, without defalcation, for value re-
ceived.　And we hereby authorize any attorney of any court
of record in Pennsylvania, or any other State, to appear for us
and confess judgment against us for the said sum, together
with ten per cent. attorney collection fees, assessed as costs,
with release of errors, &c.　And we hereby also waive all
stay of execution from and after the maturity of the above
note.　And we, for ourselves and our legal representatives,
hereby waive and relinquish unto the said Witz, Biedler &
Co., and their legal representatives, all benefits that may
accrue to us by virtue of any and every law made, or to be
made, to exempt any of our property or estate from levy and
sale under execution, or any part of the proceeds arising from
the sale thereof, from the payment of said moneys, or any
part thereof.

In witness whereof, we have hereunto set our hands and
seals, the day and year aforesaid.

　　　　　　　　　　　　Mrs. M. M. Fite. [Seal.]
　　　　　　　　　　　　S. L. Fite.　　　　[Seal.]
Witness: F. Kelley.'


''were, in addition to being promises to pay the amounts
therein specified, powers of attorney giving the plaintiffs, or
their attorneys, authority to confess judgments thereon in any
court of record in the State of Pennsylvania, of which State
M. M. Fite and S. L. Fite were then inhabitants, and that
they were delivered, received, and accepted as collateral se-
curity to the notes sued on alone, and not in satisfaction or
as a merger of the said notes sued on, and with the knowledge
and assent of the said defendants, and at the special instance
and request of Julia A. Levins, who was a resident of the
State of Virginia, and who desired the plaintiffs to take the

said judgment notes for her own protection, the said M. M. Fite and S. L. Fite being then largely indebted.

And this they are ready to verify."

*Rixey & Barbour*, for the plaintiffs in error.

*G. D. Gray*, for the defendants in error.

The joint promissory notes of the three defendants were, as decided by the court below, merged in the two bonds or writings under seal, executed by two of the joint makers of the notes.

This ruling is sustained by the adjudged cases in this country and in England. It has been decided in two cases, at least, by the Court of Appeals of Virginia. See *Ward* v. *Motter*, 2 Robinson's Reports, 536; *Brown's Adm'r* v. *Johnson* and *Isbell's Ex'or* v. *Johnson*, 13 Gratt. 644, 682; 5th Robinson's Practice 810, 814, and cases cited in the text and in the notes; *Jones* v. *Johnson*, 3 Watts & Sergeant, 276, where the questions are very ably discussed by Gibson, C. J.

See also, *Tom* v. *Goodrich, &c.*, 2 Johnson, 213; *Clement* v. *Brush*, 3 Johnson, 70; *Banorgee* v. *Hovey*, 5 Mass. 26; *Frisbe* v. *Larned*, 21 Wudell, 453; *Doniphan* v. *Gill*, 1 B. Monroe, 199; *Patterson, &c.* v. *Chalmers*, 7 B. Monroe, 595, 597.

The learned counsel for the appellants in their petition for an appeal cite Addison on Contracts and the Am. and Eng. Enc. of Law as saying that "there is no merger unless the contracts are between the same parties and the remedies upon them are co-extensive" but upon examination of the three cases cited by these authors, it will be found that two of them *Ansell* v. *Baker* and *Bowler* v. *Major*, were cases in which the original and simple contract debts were joint and *several*, and the third case of *Sharpe* v. *Gibbs*, it is evident was also

Argument.

considered by the court, as one of joint and *several* liability
on the part of the original contractors of the debt, for which
a mortgage was afterwards executed by two of them.

And it was by not adverting to the obvious distinction be-
tween *joint contracts and joint and several contracts* that these
two learned text-writers fell into the error which they clearly
committed, as demonstrated by the cases to which they each
referred.   That the *joint* simple contract debt of two or more
is extinguished by the bond of part of them is too well
settled especially in Virginia to need any further citation of
authorities.

Appellants' second bill of exceptions is to the judgment of
the court, sustaining the demurrer of the defendants to the
special replication of the plaintiffs to the pleas aforesaid.   The
simple question presented by the replication was as to the
admissibility of parol evidence to destroy the legal effect of
the sealed obligations or bonds of the two defendants taken
by the plaintiffs as set out in the aforesaid pleas of the defen-
dants.

The learned judge of the Circuit Court of Orange held that
such evidence was inadmissible and this ruling is sustained by
all the reported decisions of this and other courts on the sub-
ject.   See *Watson* v. *Hurt*, 6 Gratt. 633; *Towner* v. *Lucas*,
13 Gratt. 710; *Woodward, Baldwin & Co.* v. *Foster*, 18
Gratt. 200; *Martin's Ex'or* v. *Lewis' Ex'or*, 30 Gratt. 672;
*Barnett* v. *Barnett*, 83 Va. 504.   It is well settled by these
decisions that parol evidence is just as inadmissible to vary
the legal *import* of a contract as it is to vary the *written words*
of the contract.

In the case of *Woodward Baldwin & Co.* v. *Foster, supra,*
it was argued by some of the learned counsel that there was
some distinction between the two cases, but the Court of
Appeals, speaking through that able jurist, Joynes, judge, said
that there was no such distinction.   "When the legal import

of a contract is clear and definite, the intention of the parties is for all substantial purposes, as distinctly and as fully expressed as if they had written out in words what the law implied," is the language of the court. In the case of *Jones* v. *Johnson, supra,* decided by the Supreme Court of Pennsylvania in 1842, C. J. Gibson said: "No expression of intention would control the law which prohibits distinct securities of different degrees for the same debt." Neither would an agreement, however explicit, prevent a promissory note from merging in a bond given for the same debt by the same debtor. See also *Owen* v. *Haman,* 3 Eng. L. & Eq. 126-7.

BUCHANAN, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court for Orange county, rendered in an action of debt brought upon two promissory notes executed by M. M. Fite, S. L. Fite and Julia A. Levins, the defendants in error, to Witz, Biedler & Co., the plaintiffs in error. The defendants filed two special pleas in writing. The defence set up in plea No. 1 is that M. M. Fite and S. L. Fite, two of the three makers of the notes sued on, after such notes became due and payable, executed two writings under seal, payable to the plaintiffs, for the identical debts mentioned in the declaration, which were accepted by the plaintiffs, and that by reason of such acceptance, the notes sued on were fully satisfied, discharged and extinguished.

Plea No. 2 sets up substantially the same defence, except that the writings under seal were executed before the notes sued on became due.

The plaintiffs objected to the filing of the pleas, but the court overruled their objections, and allowed the pleas to be filed. To this action of the court the plaintiffs excepted. This constitutes their first bill of exceptions.

After the objections of the plaintiffs to the pleas were overruled, they offered a special replication to each of the pleas, in which they averred that the writings under seal referred to in the defendants' pleas contained, in addition to the promises to pay the sums therein specified, powers of attorney giving the plaintiffs or their attorneys authority to confess judgments therein in any court of record in the State of Pennsylvania, of which State, the two obligors in said writings obligatory were inhabitants, and that the writings obligatory were delivered, received, and accepted as collateral security alone to the notes sued on, and not in satisfaction, or as a merger of the said notes, and with the knowledge, assent, and advice of the defendants, and at the special instance and request of Julia A. Levins, the other defendant, who was a resident of the State of Virginia, and desired the plaintiffs to take the said judgment notes for her protection, the said M. M. Fite and S. L. Fite being at that time largely indebted. The defendants demurred to the replications. The court sustained the demurrers. To this action of the court the plaintiffs excepted, and took their second bill of exceptions.

The question raised by the pleadings filed and offered to be filed in the cause is whether a simple contract debt is merged into a higher security given for the same debt, to the same creditor by a portion of the same debtors, although it was agreed by the parties when given that the higher security should be taken only as a further or collateral security, and not in satisfaction of the simple contract debt.

The counsel of the defendants insist that the question of merger cannot be controlled by the intention or agreement of the parties, but results by operation of law from their acts, without regard to intention.

In general, a simple contract is extinguished by a specialty security for the same debt, if the remedy upon the latter is co-extensive with that which the creditor has on the former.

This question has been much discussed in England and in this country, but the weight of authority is in favor of the doctrine that if the higher security shows upon its face that it was executed for the same debt as the simple contract, and shows further that it was not taken in satisfaction of the simple contract, but in addition or collateral to it, there is no merger. If the higher security shows upon its face that it was executed for the same debt as the simple contract and nothing more appears, the presumption is, at least of fact, that it was in satisfaction of the simple contract, and that the latter is merged into it. 2 Chitty on Contracts, page 1160-1 (11 Amer. Ed.); 15 Am. Eng. En. Law 357; 1 Smith's Lead. cases, Pt. 1, 663 (8th Am. Ed.); 3 Minor's Inst. 142 (class Ed.); *Commissioner of Stamps* v. *Hope*, 1 Appeal cases L. R. 476, 483; *Butler, &c.* v. *Miller*, 1 Denio 407; *Wallace* v. *Fairman*, 4 Watts 378, 380; 5 Lawson's Rights & Rem., sec. 2580; *Graves* v. *Allen*, 66 Tex. 589.

But in this case the higher securities, which are copied in the replications offered, do not show that they were executed for the same debts as the notes sued on, nor do they show that they were accepted by the plaintiffs as additional or collateral securities to the notes. Evidence other than the higher securities will therefore have to be resorted to, to show for what purpose they were executed. The defendants admit this, and insist that they can show that the higher securities were executed for the same debt as the notes sued on, but claim that, since the higher securities do not show on their face that they were taken as additional or collateral securities, the implications of law is so strong that the notes were merged into them that no proof of the intention or agreement of the parties to the contrary is admissible.

Whatever may be the rule as to the introduction of parol evidence where the higher security shows upon its face that it was given for the same debt as the simple contract, and

does not show that it was given as collateral to it, it would seem clear that if the party relying upon the merger or extinguishment of the simple contract, as a defense to an action upon it, is compelled to resort to evidence other than that furnished by the higher security in order to show the purpose for which it was executed and accepted, then the party claiming that it was given as collateral security, and not in satisfaction of the simple contract, should have the right to introduce parol evidence also to sustain his contention. Authorities have been cited and found showing that where the higher security shows upon its face that it was executed and accepted as collateral security to the lower, then the doctrine of merger does not apply. These authorities show that where it does so appear upon the face of the higher security there is no merger, but they do not therefore prove that where it does not so appear there is a merger. If there be authorities which hold that parol evidence cannot be introduced to show that the higher security was executed and accepted as collateral or additional security, when it does not so appear upon its face, and does not show that it was executed for the same debt, the labors and researches of counsel and the court have failed to find them. On the other hand, there are authorities showing that in such a case parol evidence is admissible to show the purpose for which the higher security was executed and accepted. To this there can be no valid objection. It violates no rule of law. It enables the parties to have their controversy settled upon its merits, and not by technicalities which may shut out the truth and work injustice.

It is said in 2 Chitty on Contracts, pages 1160-1 (11 Am. Ed.) that the giving of a specialty for a simple contract debt or security will not "operate as a merger, even in favor of a surety, if it appear upon the face of the specialty, or from the *nature of the transaction* that it was intended only as an additional or collateral security."

In 5 Lawson's Rights & Rem., sec. 2580, it said that "If the face of the security or *other evidence* shows that the higher security was taken only as a further or collateral security, there is no merger or extinguishment."

In *Van Vleit* v. *Jones*, 1 Spencer, (N. J.) 340, (43 Am. Dec. 631), the court, in discussing the question, said: "What did the parties mean by the transaction? Did they intend that the old security should remain open, and the new one merely collateral to it? Did they intend to extinguish the former? This intention is, of course, to be collected from the face of the instrument itself where it so appears; and, if it does not so appear, then from the next best evidence; the only difference being, that in the former case the security itself proves the exception to the rule, and also the intention of the parties, whilst in the latter the party alleging the exception must prove it. And in this no evil can arise. There is no parol contradiction of the written instrument, but only an explanation as to the object for which it was given. A contrary doctrine would prohibit parol proof of the payment of a collateral security by the payment of the original claim, unless it appeared upon the face of the collateral that it was such."

In the case of *Gardner* v. *Hust*, 2 Richardson (S. C.), 601, 608, the higher security did not show upon its face that it was for the same debt as the lower security. It was urged in that case that the legal presumption that there was a merger could not be rebutted by parol evidence, but the court held that it could, and in reply to the argument that it could not, said: "That may be so where the fact that both securities were for the same debt appeared from the higher security, or by comparing the two together; but if the fact is proved by parol, there can be no objection that the terms upon which the higher security was received, are also proved by parol. *Wallace* v. *Fairman*, 4 Watts, 378, 380.

Tested by these rules, the pleas offered and allowed to be filed over the plaintiff's objection were insufficient. All that is stated in them may be true, and still they do not set up a good defence. They ought to have averred, not only that the writings obligatory mentioned therein were executed by the obligors for the same debts as the notes sued on, but that they were accepted by the plaintiffs in satisfaction and discharge of such notes. The Circuit Court erred in not sustaining the plaintiffs' objection to the pleas.

If the facts stated in the replications are true, there was no merger of the notes sued on, and the plaintiffs had the right to maintain their action upon them. The court therefore erred in sustaining the demurrer to the replications.

For these errors the judgment of the Circuit Court must be reversed, and a new trial awarded, to be had in accordance with the views expressed in this opinion.

REVERSED.